IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Civil Action No: 3:21-cv-88 |
| v. ) | |
| ) | |
| ANDREW TUCKER, ) | |
| ) | Judge Crenshaw |
| And ) | |
| ) | Magistrate Newbern |
| TOWN OF SMYRNA, TENNESSEE ) | |
| ) | JURY DEMAND |
| *Defendants*. ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER**

Plaintiff is suing a municipal police officer and the officer's employing municipality for violating Plaintiff's Fourth Amendment rights by filing false criminal charges against Plaintiff, unsupported by probable cause. The criminal charges at issue have since been dismissed and expunged, which under Tennessee law has the effect of erasing all public arrest and case records and rendering their disclosure – or the arrest and criminal charge information that they relate to – a criminal offense. Thus, if Plaintiff is not permitted to proceed under a pseudonym he will in effect have to choose between waiving his expungement rights and waiving his Fourth Amendment rights. Moreover, due to Plaintiff's career as an executive in the field of merging and acquiring dermatology firms through private equity investments, any public disclosure of Plaintiff's identity and the arrests and charges underlying this lawsuit is virtually certain to damage Plaintiff's career and finances.

1

Therefore, Plaintiff respectfully asks the Court to enter an order that (a) authorizes Plaintiff to proceed under the pseudonym "John Doe," (b) bars disclosure of Plaintiff's true name or other information that identifies him or his family members, and (c) requires that any documents containing such information be redacted or filed under seal.

## ARGUMENT

As a general matter, a complaint must state the names of all parties. Fed. R. Civ. P. 10(a). However, "trial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983) (citations omitted). Thus, Plaintiff can be excused from identifying himself if the Court concludes that his "privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Moreover, Fed. R. Civ. P. 26(c)(1) specifically authorizes the Court "for good cause" to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon the Plaintiff's motion. The Court may grant a protective order under Rule 26(c)(1) for "good cause" and has "broad discretion…to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984).

The Sixth Circuit has identified several factors that the Court may consider in determining whether a plaintiff may proceed anonymously, including "(1) whether the plaintiff seeking anonymity is suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiff to disclose information of the utmost intimacy; (3) whether the litigation compels the plaintiff to disclose an intention to violate the law, thereby risking criminal

prosecution; and (4) whether the plaintiff is a child." *Porter*, 370 F.3d at 560(internal quotation mark omitted).

Here, the first two factors combine to show that Plaintiff's privacy interests substantially outweigh the general presumption of open records. First, Plaintiff is suing to challenge governmental activity, which weighs in favor of anonymity. *Doe v. Porter*, 370 F.3d at 560; *Doe v. Mitchell*, 2020 U.S. Dist. LEXIS 220750, *19 – 20 (S.D. Ohio 2020). Second, disclosure will compel Plaintiff to reveal expunged criminal arrest and case information, information which is confidential under Tennessee law. (Sealed Ex. A, Declaration; Sealed Ex. B, Expungement Orders); T.C.A. § 40-32-101. Tennessee law expungement rights are broad, covering all public arrest, charge, and trial court records. T.C.A. § 40-32-101(b)(1). Courts, municipal law enforcement agencies, and the Tennessee Bureau of Investigation must all destroy any such records in their possession within sixty days of receiving an expungement order. T.C.A. § 40-32-102. Indeed, under Tennessee law expunged arrest and criminal case information is so private that disclosure of such information is a criminal offense. T.C.A. § 40-32-101(c)(1) (release of expunged records or information is a Class A misdemeanor); § 40-32-104 (same). Moreover, because of the nature of Plaintiff's career a public disclosure of his identity in connection with the arrests and charges underlying this lawsuit would likely have significant financial and career consequences for him. (Sealed Ex. A, Declaration). Thus, while Plaintiff is not a child, and disclosure would not compel Plaintiff to reveal an intention to violate the law, Plaintiff's privacy interests substantially outweigh the general presumption of open records.

The Sixth Circuit has also noted that courts should consider whether defendants would have sufficient information to present their defense. As an initial matter, Plaintiff's complaint is so specific with regard to dates, events, charges, and the initials of his family members that, in

3

concert with the misconduct complaint Plaintiff made to the Smyrna Police Department in June 2020, Defendants are effectively already on notice of Plaintiff's true identity. (ECF 1, Complaint; Sealed Ex. C, Tucker Personnel File Excerpt). Moreover, the Court can issue a protective order that requires Plaintiff to formally disclose his identity to Defendants while limiting Defendants' disclosure of Plaintiff's personal information to the public. *Doe v. Porter*, 370 F.3d at 560–561. Plaintiff has attached a proposed order to this effect.

Plaintiff has also moved in the alternative that, should the Court deny Plaintiff's request for permission to proceed under a pseudonym, Plaintiff be permitted to amend his complaint to identify himself. This alternative relief is the typical remedy where a court denies permission to proceed under a pseudonym. *Doe v. Mitchell*, 2020 U.S. Dist. LEXIS 220750, at *21 – 28.

## **CONCLUSION**

Allowing Plaintiff to proceed under a pseudonym and entering protective order protecting his identity against disclosure is necessary to protect Plaintiff's privacy rights, particularly with regard to his Tennessee law expungement rights. For the reasons articulated herein, Plaintiff requests that the Court enter an order that (a) authorizes Plaintiff to proceed under the pseudonym "John Doe," (b) bars disclosure of Plaintiff's true name or other information that identifies him or his family members, and (c) requires that any documents containing such information be redacted or filed under seal.

Should the Court deny the requested relief, Plaintiff requests in the alternative that the Court authorize him to file an amended complaint identifying himself.

Respectfully submitted,

*s/ Kyle Mothershead*
Kyle Mothershead, BPR 22953
414 Union Street, Suite 900
Nashville, TN 37219
T: (615) 982-8002 / F: (615) 229-6387
E: kyle@mothersheadlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on **February 18, 2021**, **Plaintiff's Memorandum in Support of Motion to Proceed Under Pseudonym** was filed electronically with the Court's electronic filing system. Plaintiff will serve **Defendants Andrew Tucker and Town of Smyrna with copies of this memorandum contemporaneously with the summons and complaint.**

*s/ Kyle Mothershead*
Kyle Mothershead, BPR 22953