UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW TUCKER et al.,<br><br>    Defendants. | Case No. 3:21-cv-00088<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

Before the Court in this civil rights action brought under 42 U.S.C. § 1983 is Plaintiff John Doe's motion for permission to proceed under a pseudonym and for a protective order. (Doc. No. 7.) Defendant the Town of Smyrna, Tennessee has responded in opposition (Doc. No. 22) and Doe has replied (Doc. No. 18). For the reasons that follow, Doe's motion to proceed under a pseudonym and for a protective order will be denied.

### I.    Factual and Procedural Background

Doe alleges that, on May 22, 2019, while he was engaged in divorce proceedings with his ex-wife, E.C., he was charged in Smyrna Municipal Court with stalking and harassment based on false information provided in a warrant affidavit by Defendant Officer Andrew Tucker. (Doc. No. 1.) On the same date, E.C. obtained an ex parte order of protection from the Rutherford County Chancery Court giving her immediate temporary custody of the couple's two daughters, prohibiting Doe from contacting the children, and requiring Doe to pay child support and abide by various other requirements. (*Id.*) Doe alleges that E.C. included false and misleading information in the application for the order of protection and that Tucker falsely told the Chancery Court that he had served Doe with the order of protection on the day it was granted. (*Id.*)

On June 6, 2019, Doe was charged in Smyrna Municipal Court with three counts of felony aggravated stalking and one count of misdemeanor criminal contempt. (*Id.*) Doe alleges that these charges were also based on false statements by E.C. and Tucker. (*Id.*) On February 5, 2020, the Smyrna Municipal Court dismissed all of the criminal charges against Doe and, on March 16, 2020, ordered that Doe's criminal record be expunged of those charges. (*Id.*)

Doe initiated this action on February 4, 2021, by filing a complaint that alleged claims against Tucker and the Town of Smyrna for malicious prosecution under 42 U.S.C. § 1983. (*Id.*) Doe then filed a motion for permission to proceed under a pseudonym and for a protective order requiring that any documents containing identifying information be filed under seal. (Doc. No. 7.) Doe argues that he should be permitted to proceed anonymously because (1) he is suing to challenge government activity; (2) Tennessee's expungement statute, Tenn. Code Ann. § 40-32-101, protects the confidentiality of Doe's expunged criminal arrest and case information; and (3) public disclosure of Doe's identity in connection with the expunged criminal charges would harm Doe's financial and career prospects. (Doc. No. 8.) The Town of Smyrna opposes the motion, arguing that Doe has not shown that "exceptional circumstances" justify proceeding anonymously in this case.[1] (Doc. No. 22, PageID# 164.) Doe replies that revealing his identity in connection to the expunged charges would disclose information "of the 'utmost intimacy'" and that the defendants would not be prejudiced if he proceeded under a pseudonym because they are already aware of his true identity. (Doc. No. 18, PageID# 137.)

---

[1] The Town of Smyrna filed a timely response that mistakenly included identifying information about Doe. (Doc. No. 15.) The Court granted Doe and the Town of Smyrna's joint motion to strike that filing and replace it with a corrected response that omits the identifying information. (Doc. No. 21.)

## II. Legal Standard

Federal Rule of Civil Procedure 10(a) requires that "[t]he title of the complaint must name all the parties[.]" Fed. R. Civ. P. 10(a). "Public access to this information is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980)). "Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Ericksen v. United States*, No. 16-cv-13038, 2017 WL 264499, at *1 (E.D. Mich. Jan. 20, 2017) (quoting *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997)).

Trial courts have discretion to allow a plaintiff to proceed anonymously in cases where "a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). In determining whether the exceptional circumstances required to defeat the presumption in favor of public disclosure exist in a particular case, courts consider:

> (1) whether the plaintiff[ ] seeking anonymity [is] suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiff[ ] to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiff[ ] to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiff[ ] [is a] child[ ].

*Id.* (quoting *Stegall*, 653 F.2d at 185). Courts may also consider other factors, such as whether allowing the moving party to proceed anonymously would prejudice any nonmoving parties by forcing them "to proceed with insufficient information to present their arguments . . . ." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005) (citing *Porter*, 370 F.3d at 561).

**III.     Analysis**

Only the first and second *Porter* factors are at issue in this case. The Town of Smyrna does not dispute that Doe challenges government actions in this lawsuit. However, "only in 'a very few cases challenging governmental activity can anonymity be justified.'" *Ericksen*, 2017 WL 264499, at *2 (quoting *Stegall*, 653 F.2d at 186). "Courts are generally less likely to grant a plaintiff permission to proceed anonymously when the plaintiff sues a private individual than when the action is against a governmental entity 'seeking to have a law or regulation declared invalid.'" *Doe v. Univ. of Pittsburgh*, No. 1:17-cv-213, 2018 WL 1312219, at *2 (W.D. Mich. Mar. 14, 2018) (quoting *Doe v. Merten*, 219 F.R.D. 387, 394 (E.D. Va. 2004)). This is because actions "challenging the constitutional, statutory or regulatory validity of government activity" generally "involve no injury to the Government's 'reputation,' [while] the mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm." *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979); *see also Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 267 (E.D. Tex. 2007) (finding against anonymity applying similar test where plaintiff sued government entity and individual employees of that entity because the individual defendants had "valid concerns regarding the impact of this case on their individual reputations"). Doe brings claims against the Town of Smyrna and against Tucker individually. Accordingly, the first *Porter* factor weighs against anonymity.

The second *Porter* factor also weighs against anonymity. Doe argues that Tennessee law grants individuals whose criminal records have been expunged a broad right to confidentiality by requiring that all public records related to the charges be destroyed and by making the release of information related to expunged records a misdemeanor offense. *See* Tenn. Code Ann. § 40-32-101(a)(1)(A), (c)(1). While Tennessee law does provide extensive privacy protections to

4

individuals whose criminal records have been expunged, Doe "'forfeited'" those protections by filing this action. *D.E. v. Doe*, 834 F.3d 723, 728 (6th Cir. 2016) (affirming district court's denial of motion to proceed anonymously filed by plaintiff whose criminal record had been sealed under Michigan law). Nor has Doe has shown that the nature of his expunged charges would subject him to exceptionally harsh stigma and scrutiny. *Cf. Doe I–VIII v. Sturdivant*, No. 06-10214, 2006 WL 8432896, at *2 (E.D. Mich. Apr. 7, 2006) (allowing plaintiffs whose sex-offense convictions had been set aside and expunged to proceed anonymously based, in part, on "the stigma this society places on alleged and convicted sex offenders").

Doe argues that, "due to [his] career as an executive in the field of merging and acquiring dermatology firms through private equity investments, any public disclosure of [his] identity and the arrests and charges underlying this lawsuit is virtually certain to damage [his] career and finances." (Doc. No. 8, PageID# 34.) But "concerns about stigma and scrutiny from prospective employers do not involve information 'of the utmost intimacy'; rather, they constitute the type of concerns harbored by other similarly situated litigants who file lawsuits under their real names." *Doe v. Carson*, Nos. 19-1566/19-1714, 2020 WL 2611189, at *2 (6th Cir. May 6, 2020). Doe has not shown that his employment-related concerns are any more compelling than those faced by plaintiffs in similar lawsuits arising from criminal proceedings and, thus, has not shown that "prosecution of th[is] suit will compel [him] to disclose information of the utmost intimacy." *Porter*, 370 F.3d at 560.

Because Doe has not shown that his "privacy interests substantially outweigh the presumption of open judicial proceedings[,]" *id.*, his motion to proceed under a pseudonym and for a protective order will be denied.

## IV. Conclusion

For these reasons, Doe's motion for permission to proceed under a pseudonym and for a protective order (Doc. No. 7) is DENIED. Doe is ORDERED to file an amended complaint identifying himself by his legal name by no later than September 8, 2021.

Doe requested leave to file several exhibits to his motion (Doc. Nos. 10–10-3) under seal and asked that those exhibits be stricken from the record if the motion to file them under seal is denied (Doc. No. 9). The Court granted Doe's motion to file the exhibits under seal, but advised Doe that the exhibits may be unsealed if Doe's motion to proceed under a pseudonym is denied. (Doc. No. 11.) The Clerk of Court is DIRECTED TO STRIKE the sealed exhibits to Doe's motion. (Doc. Nos. 10–10-3.)

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge